JESÚS BOSQUES ROMÁN ET UX., ETC., Petitioners, *v.* TH ACTING REGISTRAR OF PROPERTY OF AGUADILLA, Res pondent.

No. 1287. Submitted October 1, 1952.—Decided November 12, 1952.

*José Veray Rodríguez* for petitioners. The Registrar did not appear.

MR. JUSTICE PÉREZ PIMENTEL delivered the opinion of the Court.

Jesús Bosques Román and his wife María Josefa Avilés issued a note to bearer in the amount of Fifteen Hundred Dollars. As security for the aforesaid note, the spouses Bosques Avilés executed a mortgage on a rural property with two houses thereon. The mortgage deed contains a clause which reads as follows:

"F.—The debtors have constituted their homestead in one of the houses inasmuch as the other is devoted to rental";

The aforesaid mortgage deed was presented in the Registry of Property of Aguadilla and recorded by the Registrar who added the following note:

"This document has been recorded at folio 138, over, of volume 57 of Moca, property No. 1263 duplicate and 12th entry, notice being taken of the fact that it has not been stated which of the two houses the debtors occupy as their homestead. This does not bear any other lien than the one comprised in this document."

The appellants took the present administrative appeal from this note alleging that the aforesaid warning actually constitutes an alleged curable defect which is not justified, and thereby asked us to order the Registrar to strike from the entry the part of the note which reads "notice being taken of the fact that it has not been stated which of the two houses the debtors occupy as their homestead."

The mortgage was constituted on the entire property as a single immovable, just as it appears recorded in the Registry, the property being assessed at $1,700 as basis for the first auction in case of foreclosure. In that case, the mortgage will be foreclosed on the entire property and not on either of the two houses, inasmuch as the buildings are merely accessory to the land which is the principal, except proof to the contrary. Scaevola, *Civil Code*, Vol. 6, pp. 285 and 286; Manresa, *Comentarios al Código Civil Español*, Vol. 3, p. 202; *Longpré* v. *Reg. of San Juan*, 24 P.R.R. 835, 838, set aside on other grounds in *Ramírez* v. *Registrar*, 61 P.R.R. 300. Therefore, it was unnecessary to specify which of the two houses was occupied as a homestead. In any event, said right may be claimed by producing all evidence at the mortgage foreclosure proceeding or even thereafter. *F. Carrero & Bro.* v. *Registrar*, 36 P.R.R. 285; *Veve* v. *Keith*, 49 P.R.R. 178; § 5, par. 5 of Act No. 87 of May 13, 1936 (Sess. Laws, p. 460). This is so, because the right of homestead in Puerto

Rico is not the right to continue possessing the house or land occupied as a homestead, but it is rather a right that entitles the debtor to receive $500.00 which is the part of the property exempted from foreclosure. Sections 1, 2 and 5 of the aforesaid Act No. 87. *Dávila* v. *Martínez*, 37 P.R.R. 786; *F. Carrera & Bro.* v. *Registrar, supra; Noriega* v. *Registrar*, 44 P.R.R. 311; *Aldea* v. *Tomás*, 51. P.R.R. 740; *Veve* v. *Keith, supra; Arzuaga* v. *Ramírez,*. 50 P.R.R. 740; *Crédito y Ahorro Ponceño* v. *Beveraggi,*. 55 P.R.R. 629; Muñoz Morales, *Lecciones de Derecho Hi-*· *potecario,* Vol. 2, p. 292; although the mortgage creditor· may make the payment by awarding the debtor a piece of the· original property worth $500. *González* v. *Municipal Court*, 54 P.R.R. 17. Of course, if the property would cost less than $500 then its foreclosure would not lie. *Batista* v. *District Court*, 55 P.R.R. 520.

Therefore, the right that the mortgage creditor has to· foreclose a mortgage on the property in case of noncompliance· with the obligation, can not be affected by the fact that the. homestead is constituted on one or the other of two houses thereon. The obligation of the·creditor is limited in such case to pay to the debtors the amount of $500, if it be claimed pursuant to the provisions of § 5 of the afore-cited Act No. 87 of 1936.

In accordance with our present legislation peculiar to the subject matter involved herein, it is not necessary that the right of homestead appear registered in the Registry of Property in order that it be effective.[1] *Dávila* v. *Sotomayor et al.*, 35 P.R.R. 726. The record provided by Act No. 87 of 1936 is meant to facilitate the production of evidence at the time the property is foreclosed.[2] The evidence that the right

---

[1] Section 4 of Act No. 87 of 1936 provides in its last paragraph that:

"The fact that a property is not registered as a homestead and that no note has been made of the right thereto, in a registry of property, does not affect in any way the right of homestead which its owner may have therein as such head of a family."

[2] Pursuant to the first paragraph of § 4 of Act No. 87 of 1936 the record constitutes prima facie evidence only of the fact of occupation.

of homestead existed at the time the lien or encumbrance was constituted is necessary inasmuch as if it is proved that the lien or encumbrance was constituted prior to the right of homestead, the former can not be affected by the latter. *Ortiz* v. *Registrar*, 51 P.R.R. 604; *Colón* v. *Giorgi*, 38 P.R.R. 320; [3] Annotation in 123 A.L.R. 428 and cases cited therein. Said record affords therefore a valuable, although not unique, evidence, inasmuch as in default to produce the record, the fact that the right of homestead was already established when the lien or encumbrance was constituted may be proved by any other admissible means. Section 4 of Act No. 87 of 1936, *supra*, footnote 1.

For the reasons set forth, the Registrar's note should be modified ordering him to strike therefrom the phrase "notice being taken of the fact that it has not been stated which of the two houses the debtors occupy as their homestead."

---

[3] We have kept in mind that most of the jurisprudence cited construes the Act of March 12, 1903 (Sess. Laws, p. 105), but inasmuch as this Act has not been substantially changed by Act No. 87 of 1936, said jurisprudence is convincing. See Muñoz Morales, *Lecciones de Derecho Hipotecario*, Volume 2, p. 310.